**HELTON LAW GROUP, APC**
CARRIE McLAIN (State Bar No. 181674)
cmclain@heltonlawgroup.com
KIM WOROBEC (State Bar No. 220035)
kworobec@heltonlawgroup.com
ROXANNE IRANI (State Bar No. 239457)
rirani@heltonlawgroup.com
ATTORNEYS AT LAW
7711 Center Avenue, Suite 350
Huntington Beach, California  92647
TELEPHONE:  (562) 901-4499
FACSIMILE:  (562) 901-4488

ATTORNEYS FOR PLAINTIFF

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESERT REGIONAL MEDICAL CENTER, INC., a California Corporation; <br><br> Plaintiff, <br><br> vs. <br><br> ROYAL & SUN ALLIANCE INSURANCE COMPANY OF CANADA; GLOBAL EXCEL MANAGEMENT, INC.; and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No:  5:16-cv-00874-DOC-Ex <br><br> **STIPULATED PROTECTIVE ORDER** |

## I.   INTRODUCTION

### A. Purposes and Limitations

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting the current litigation between Plaintiff Desert Regional Medical Center, Inc. ("Desert Regional") and Defendant Global Excel Management, Inc. ("Global Excel") may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated

1   Protective Order. The parties acknowledge that this Order does not confer blanket
2   protections on all disclosures or responses to discovery and that the protection it affords
3   from public disclosure and use extends only to the limited information or items that are
4   entitled to confidential treatment under the applicable legal principles. The parties
5   further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective
6   Order does not entitle them to file confidential information under seal; Civil Local Rule
7   79-5 sets forth the procedures that must be followed and the standards that will be
8   applied when a party seeks permission from the court to file material under seal.

9       **B. Good Cause Statement**

10          This action is likely to involve trade secrets, customer and pricing lists, and other
11   valuable research, development, commercial, financial, technical and/or proprietary
12   information for which special protection from public disclosure and from use for any
13   purpose other than prosecution of this action is warranted. Such confidential and
14   proprietary information includes protected health information of third parties as defined
15   in Tile 45 of the Code of Federal Regulations § 164.501 and which is subject to the
16   Health Insurance Portability and Accountability Act ("HIPAA"); highly confidential
17   contractual payment rates with third parties; proprietary information about the parties'
18   business practices; and information otherwise generally unavailable to the public, or
19   which may be privileged or otherwise protected from disclosure under state or federal
20   statutes, court rules, case decisions, or common law.  It does not include information or
21   documents that are generally available to the public or become generally available to the
22   public other than as a result of disclosure by the party receiving the information, whether
23   or not a party to this Litigation

24          Accordingly, to expedite the flow of information, to facilitate the prompt
25   resolution of disputes over confidentiality of discovery materials, to adequately protect
26   information the parties are entitled to keep confidential, to ensure that the parties are
27   permitted reasonable necessary uses of such material in preparation for and in the
28   conduct of trial, to address their handling at the end of the litigation, and serve the ends

of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## II.   DEFINITIONS

2.1   Action: This pending federal lawsuit and all active federal cases involving both Desert Regional and Global Excel, including Central District of California Case Nos. 5:16-cv-02181 and 5:16-cv-01788.

2.2   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4   Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.6   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8   "HIGHLY   CONFIDENTIAL—ATTORNEYS'   EYES   ONLY" Information or Items: any Disclosure or Discovery Material the Producing Party or Designating Party believes in good faith to be non-public, of a confidential nature, and contains or constitutes at the time of the designation: (a) Confidential Information and (b) the disclosure of which is likely to cause competitive or commercial injury to the Producing Party, unless that information is contained in a public record and is disclosable to the public upon request.

2.9   House Counsel: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel

2.10   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14   Professional Vendors: persons or entities that provide litigation support services   (e.g.,   photocopying,   videotaping,   translating,   preparing   exhibits   or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

2.15   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**III.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Protected Material shall be used solely for the purposes of this Litigation including any appellate proceedings and may not be disclosed to anyone other than as provided for herein, or used for any purpose other than for this Litigation or any appeal thereof, unless: (1) agreed to in writing by the party(ies) who made the "Confidential" or "Highly Confidential – Attorneys Eyes Only" designation, (2) (as to PHI) authorized in writing by the patient, or (3) a party seeks and receives a court order permitting disclosure, including but not limited to for impeachment purposes in any legal proceeding, including an arbitration.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**IV.   DURATION**

The terms of this protective order do not extend beyond the commencement of the trial.  Any use of Protected Material at trial or other court hearings or proceedings shall be governed by the orders of the trial judge and the applicable case law.

**V.   DESIGNATING PROTECTED MATERIAL**

**A. Exercise of Restraint and Care in Designating Material for Protection.**

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that

1   qualify so that other portions of the material, documents, items, or communications for
2   which protection is not warranted are not swept unjustifiably within the ambit of this
3   Order. Mass, indiscriminate, or routinized designations are prohibited. Designations
4   that are shown to be clearly unjustified or that have been made for an improper purpose
5   (e.g., to unnecessarily encumber the case development process or to impose unnecessary
6   expenses and burdens on other parties) may expose the Designating Party to sanctions.
7   If it comes to a Designating Party's attention that information or items that it designated
8   for protection do not qualify for protection, that Designating Party must promptly notify
9   all other Parties that it is withdrawing the inapplicable designation.

10        Notwithstanding the foregoing paragraph, the Court recognizes the possibility that
11   documents containing personal health information comprise a relatively large
12   percentage of the documents to be produced in this action. If that is the case, a large
13   percentage of documents would need to be marked "CONFIDENTIAL."

14        **B. Manner and Timing of Designations**

15        Except as otherwise provided in this Order (see, e.g., second paragraph of section
16   5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material
17   that qualifies for protection under this Order must be clearly so designated before the
18   material is disclosed or produced.

19        Designation in conformity with this Order requires:

20        **(a)** for information in documentary form (e.g., paper or electronic documents, but
21   excluding transcripts of depositions or other pretrial or trial proceedings), that the
22   Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY
23   CONFIDENTIAL—Attorneys' Eyes Only" (hereinafter "CONFIDENTIAL/HIGHLY
24   CONFIDENTIAL legend"), to each page that contains protected material.

25        A Party or Non-Party that makes original documents available for inspection need
26   not designate them for protection until after the inspecting Party has indicated which
27   documents it would like copied and produced. During the inspection and before the
28   designation, all of the material made available for inspection shall be deemed "HIGHLY

CONFIDENTIAL—ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL/HIGHLY CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record before the close of the deposition all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke, within ten days of the deposition, a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Protective Order. Alternatively, a designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the "CONFIDENTIAL/HIGHLY CONFIDENTIAL legend." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d) for electronically stored information, by marking "Confidential" or "Highly Confidential – Attorneys Eyes Only" on the medium containing the electronically stored

1   information provided that any failure to designate electronically stored information as

2   "Confidential" or "Highly Confidential – Attorneys Eyes Only" does not constitute a

3   waiver of confidentiality, and any electronically stored information becomes subject to

4   the protections of this Order from the time it is properly designated as "Confidential" or

5   "Highly Confidential – Attorneys Eyes Only" pursuant to the terms of this Order.

6   **C. Inadvertent Failures to Designate**

7   If timely corrected, an inadvertent failure to designate qualified information or

8   items does not, standing alone, waive the Designating Party's right to secure protection

9   under this Order for such material. Upon timely correction of a designation, the

10  Receiving Party must make reasonable efforts to assure that the material is treated in

11  accordance with the provisions of this Order.

12  **VI.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

13  **A. Timing of Challenges**

14  Any Party or Non-Party may challenge a designation of confidentiality at any time

15  that is consistent with the Court's Scheduling Order.

16  **B. Meet and Confer**

17  The Challenging Party shall initiate the dispute resolution process under Local

18  Rule 37.1 et seq.

19  **C. Burden of Persuasion**

20  The burden of persuasion in any such challenge proceeding shall be on the

21  Designating Party. Frivolous challenges, and those made for an improper purpose (e.g.,

22  to harass or impose unnecessary expenses and burdens on other parties) may expose the

23  Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn

24  the confidentiality designation, all parties shall continue to afford the material in

25  question the level of protection to which it is entitled under the Producing Party's

26  designation until the Court rules on the challenge.

27  ///

28  ///

# VII.    ACCESS TO AND USE OF PROTECTED MATERIALS

## A. Basic Principles

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

## B. Disclosure of "CONFIDENTIAL" Information or Items

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) with the caveat that this

1  Protective Order does not absolve the duties under HIPAA regarding the minimum
2  necessary requirement;

3       (g) the author or recipient of a document containing the information or a custodian
4  or other person who otherwise possessed or knew the information;

5       (h) during their depositions, witnesses, and attorneys for witnesses, in the Action
6  to whom disclosure is reasonably necessary provided: (1) the deposing party requests
7  that the witness sign the form attached as Exhibit A hereto; and (2) they will not be
8  permitted to keep any confidential information unless they sign the "Acknowledgment
9  and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating
10 Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to
11 depositions that reveal Protected Material may be separately bound by the court reporter
12 and may not be disclosed to anyone except as permitted under this Stipulated Protective
13 Order;

14      (i) any mediator or settlement officer, and their supporting personnel, mutually
15 agreed upon by any of the parties engaged in settlement discussions;

16      (j)  as to PHI, the patient who is the subject matter of the PHI, the patient's
17 counsel, the patient's authorized representative, and any other person(s) authorized by
18 the patient in writing; and

19      (k) Such other persons as hereafter may be designated by written agreement of the
20 Parties or by order of the Court.

21 **C. Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES**
22        **ONLY" Information**

23      Unless otherwise ordered by the court or permitted in writing by the Designating
24 Party, a Receiving Party may disclose any information or item designated "HIGHLY
25 CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

26      (a) Outside Counsel of Record, including all paralegal assistants, and stenographic
27 and clerical employees under the supervision of such counsel;

28

(b) House Counsel and its staff, with the specific caveat that the information may not be disclosed to any business personnel of a named party under this section merely because an individual has a Juris Doctorate degree;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

(i) as to PHI, the patient who is the subject matter of the PHI, the patient's counsel, the patient's authorized representative, and any other person(s) authorized by the patient in writing.

(j) such other persons as hereafter may be designated by written agreement of the Parties or by order of the Court, provided such person executes a Certification attached hereto as Exhibit A.

**VIII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the person or entity who caused the subpoena or order to issue that some or all of the sought material is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**IX.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY."   Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this

Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

## X.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XI.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## XII.   MISCELLANEOUS

### A. Right to Further Relief

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

///

///

**B. Right to Assert Other Objections**

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**C. Filing Protected Material**

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**D. No Waiver**

Agreeing to this Order, producing or receiving Protected Material, or otherwise complying with this Order shall not:

    a.    operate as or constitute an admission by any party that any Protected Material contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential matter;

    b.    operate as or constitute an admission by any party that the restrictions and process set forth herein constitute adequate protection for any particular information deemed by a Producing Party to be Confidential or Highly Confidential – Attorneys Eyes Only Information;

    c.    operate as or constitute a waiver of any attorney-client, work product or other privilege;

    d.    prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

1        e.    prejudice in any way the rights of any party to object to the

2 authenticity or admissibility into evidence of any document, testimony or other evidence

3 subject to this Order;

4        f.    prejudice in any way the rights of any party to request that particular

5 Discovery Material or Confidential Information or Highly Confidential – Attorneys Eyes

6 Only Information be treated more or less restrictively than otherwise provided for herein

7 and, absent agreement of the parties, to petition the Court for a further order relating to

8 any Confidential Information or Highly Confidential – Attorneys Eyes Only Information;

9        g.    prejudice in any way the rights of any party to offer, discuss, or

10 respond to questions concerning documents or any other information at any hearing in

11 this matter;

12        h.    prejudice in any way the rights of any party to seek a court

13 determination whether any materials should be subject to the terms of this Order;

14        i.    prevent the parties to this Order from agreeing to alter or waive the

15 provisions or protections provided for herein with respect to particular Discovery

16 Material; or

17        j.    require the parties to treat as Confidential PHI that has been de-

18 identified and thus is no longer protected health information pursuant to 45 C.F.R.

19 § 164.514.

20     **E. New parties**

21     Additional parties joining or joined in the Litigation shall not have access to

22 Protected Material until they have executed and filed with the Court their agreement to

23 be fully bound by this Order.

24 **XIII.   FINAL DISPOSITION**

25     Absent written permission of the Producing Party, Designating Party or further

26 order of the Court, the provisions of this Order shall continue to be binding after the

27 conclusion of the Litigation, including any appeals therefrom. Within seventy-five (75)

28 days after receiving notice of the entry of an order, judgment, or decree finally disposing

of all litigation in which Confidential Information or Highly Confidential – Attorneys
Eyes Only Information is permitted to be used, all persons having received Discovery
Material containing Confidential Information or Highly Confidential – Attorneys Eyes
Only Information shall either return such material and all copies to counsel for the
Producing Party or destroy such documents.  Counsel for the parties shall be entitled to
retain court papers, deposition transcripts, and attorney work product containing
Confidential Information or Highly Confidential – Attorneys Eyes Only Information,
provided that counsel and their employees shall not disclose such material to any person
except pursuant to court order or agreement with the Producing Party or Designating
Party, as appropriate.

## XIV.    VIOLATIONS

Any violation of this Order may be punished by any and all appropriate measures
including, without limitation, contempt proceedings and/or monetary sanctions.

The Court shall retain jurisdiction, even after termination of the Litigation, to: (a)
make such arrangements, modifications and additions to this Order as it may deem
appropriate upon good cause shown; and (b) adjudicate any dispute relating to the use
or disclosure of Protected Material.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  August 4, 2017            HELTON LAW GROUP, APC


By:    /s/ Roxanne Irani
CARRIE McLAIN
KIM WOROBEC
ROXANNE IRANI
Attorneys for Plaintiff


DATED:  August 4, 2017            DUANE MORRIS LLP


By:    /s/ Dan Terzian
CYNDIE M. CHANG
DAN TERZIAN
Attorneys for Defendant

I hereby certify that Mr. Dan Terzian, counsel for Defendant Global Excel Management, Inc. concurs in this Stipulation's content and has authorized its filing.

DATED:  August 4, 2017                    By:      /s/ Roxanne Irani
                                                   Attorneys for Plaintiff
                                                   DESERT REGIONAL MEDICAL
                                                   CENTER, INC.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED

DATED: ___8/4___ , 2017          _____
                                          Hon. Charles F. Eick
                                          U.S. Magistrate Judge

STIPULATED PROTECTIVE ORDER

# EXHIBIT A
## Acknowledgment and Agreement to be Bound

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Desert Regional Medical Center v. Inc. v. Global Excel Management, Inc.*, Case No. 5:16-cv-00874. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Dated: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____